McBride *vs.* Greenwood and others.

No. 54.—Wm. J. McBride, administrator, &c. plaintiff in error, *vs.* Elizabeth M. M. Greenwood and others, defendants in error.

[1.] If, by a marriage contract, property is vested in trustees for the benefit of the husband and wife and the fruit of the marriage, and subsequently an absolute divorce is granted to the husband, the wife may, after the divorce, by proper conveyance, the trustees being parties thereto, transfer all her rights and interests, under the marriage contract, to her former husband; she being, *quoad hoc*, a *feme sole* and *sui juris.*

[2.] The parties to a marriage contract, may, by the consent of the trustees, dispose of their own interests, under the contract. They cannot defeat the interests of remainder-men, not parties to the agreement.

[3.] A conveyance by the former wife of all of her right, title and interest under the marriage contract, does not estop her from claiming the same property, subsequently, as the heir or distributee at law, of her child, the fruit of the marriage, who took the property in fee, under the marriage contract.

In Equity, in Richmond Superior Court. Tried before Judge Starnes, January Term, 1852.

On 26th day of June, 1828, Benjamin L. Greenwood and Elizabeth M. M. Scurry, in contemplation of a marriage about to be solemnized, entered into the following marriage settlement:

Georgia:

This indenture, *tripartite,* made and entered into this twenty-sixth day of June, in the year of our Lord one thousand eight hundred and twenty-eight, and of the Independence of the United States, the fifty-second, between Benjamin Leigh Greenwood, of the County of Richmond and State aforesaid, of the first part, Elizabeth Melvina Mounger Scurry, of the County of Columbia and State aforesaid, of the second part, and George L. Twiggs and William W. Montgomery, of the County of Richmond and State aforesaid, and Benjamin Leigh of the County of Columbia and State aforesaid, (trustees of the said Elizabeth M. M. Scurry) of the third party. Whereas, Richard O

Scurry, the father of the said Elizabeth M. M. late of the County of Richmond and State aforesaid, deceased, in and by his last will and testament, bearing date on the ninth day of November, in the year of our Lord one thousand eight hundred and seventeen, did give and bequeath unto his said daughter, the said Elizabeth M. M. the whole of his estate, both real and personal, and in and by said will, did nominate, constitute and appoint Benjamin Leigh, of Columbia County, sole executor thereof, with power to dispose of said property, in said will mentioned, in such manner as he might think proper and meet for the benefit of his said daughter. And also, in and by said will, declared, that the said property or the proceeds thereof, should not be paid over and delivered to her until she should attain the full age of twenty-one years, all which will more fully appear by reference to said recited will, remaining in the custody of the Court of Ordinary of the County of Richmond, and State aforesaid, where the same was proved and admitted to record; by virtue of which said will, she, the said Elizabeth M. M. is entitled unto all and singular the said property, real and personal, and the proceeds, rents, issues and profits thereof, according to the terms, stipulations and provisions in said will contained. And whereas, by the permission of God, a marriage is intended to be shortly had and solemnized between the said Benjamin L. Greenwood and the said Elizabeth Melvina Mounger Scurry, and it is agreed by and between the said Benjamin L. and the said Elizabeth M. M. that if the said intended marriage shall take effect and be solemnized, then, notwithstanding said marriage, he, the said Benjamin L. his executors, administrators and assigns, shall not and will not intermeddle with the said property, real or personal, nor the rents, issues and profits thereof, further or in any other manner than as is hereinafter stipulated, mentioned, and agreed upon. And whereas, the said property consists mostly of money, notes, bonds and other securities for money, and household furniture, which said property is now in the hands and under the control and direction of the said Benjamin Leigh, the executor of the said will of the said Richard O. Scurry and the

McBride *vs.* Greenwood and others.

guardian of the said Elizabeth M. M. to be by him disposed of according to the direction of the said will. And whereas, it is agreed by and between the said Benjamin L. Greenwood and the said Elizabeth M. M. Scurry, that the said property and estate, goods and effects so belonging to, and being the property of the said Elizabeth M. M. in case the intended marriage shall take effect, shall not, in any event whatever, be subject or liable, either at Law or in Equity, to the payment of any of the debts of the said Benjamin L. Greenwood at present contracted, and now due, and owing or to become due, and owing by him, or any debt or debts which may be by him in future contracted and due and owing on any account, or for any purpose whatever. And it is further agreed, that the said property, money, goods and effects, whether in possession or in action, shall be secured, transferred, conveyed and assured to the said George L. Twiggs, William W. Montgomery and Benjamin Leigh, (trustees as aforesaid,) on the trusts and so and for the uses and trusts, intents and purposes hereafter mentioned, expressed and declared, and so and for no other trust, uses, intents or purposes, whatever. Now, therefore, this indenture witnesseth that the said Elizabeth Melvina Mounger Scurry, by and with the consent and approbation of her intended husband, the said Benjamin L. Greenwood, and also by and with the consent and approbation of her said guardian, the said Benjamin Leigh, who is also the sole executor of the last will and testament of the said Richard O. Scurry, which consent of the said Benjamin L. Greenwood and Benjamin Leigh, is manifested and declared by their being parties to these presents and signing and sealing the same, and for and in consideration of the said intended marriage and of the sum of one dollar to her in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, and to the intent that the said estate, both real and personal, money, goods and effects, bonds, bills, notes and other securities for money, and the rents, issues, profits and proceeds thereof, may be secured and applied upon the trusts and to and for the uses, intents and purposes, hereinafter expressed and declared, hath

granted, bargained, sold, aliened, conveyed and confirmed, and by these presents doth grant, bargain, sell, alien, convey and confirm unto the said George L. Twiggs, William W. Montgomery and Benjamin Leigh, (trustees as aforesaid) and the survivor of them and the executor and administrator of the survivor of them, all the estate, real and personal, money, goods and effects, bonds, bills, notes and other securities for money, and household and kitchen furniture, and other effects which she is, or may be entitled unto, under and by virtue of the said last will and testament of her said father, Richard O. Scurry, to have and to hold the said estate, real and personal, money, goods, bonds, bills, notes and other securities for money and household and kitchen furniture and other effects, unto the said George L. Twiggs, William W. Montgomery and Benjamin Leigh and the survivor and executor and administrator of them in fee simple, upon the trusts and so and for the several uses, intents and purposes hereinafter mentioned and declared, and none others. That is to say, that they, the said George L. Twiggs, William W. Montgomery and Benjamin Leigh, and the survivors of them, and the executors and administrators of the survivors of them, shall and may, by and with the consent of the said Benjamin L. and Elizabeth M. M. expend, lay out and invest the said money, goods, bills, bonds, notes and other securities for money and other property and effects, in land and negroes, or in any other property which may be agreed upon by and between all the parties to these presents ; and shall and will immediately from and after the solemnization of the said intended marriage, and so soon as the said property, goods, money and effects can, according to the provisions of the said will of the said Richard O. Scurry, be paid over to them, as trustees, as aforesaid by the said executor of the said will, permit and suffer the said Benjamin L. and his intended wife, the said Elizabeth M. M. to have, hold, possess and enjoy the said land and negroes and other property, real and personal, with the appurtenances, and to receive the rents, issues and profits thereof, for the purpose of supporting and maintaining the said Benjamin L. and Elizabeth M. M. and such child or children as may be

born of the said Elizabeth M. M. during her coverture with the said Benjamin L. for and during the joint lives of the said Benjamin L. and Elizabeth M. M. and the life of the survivor of them; but upon this special understanding and agreement, by and between all the parties to this indenture, that neither the land, negroes, goods, money nor any other part or portion of the said property, real and personal, nor the rents, issues, or profits thereof, or any part or portion of them, or either of them, shall go to, or be subject, either at Law or in Equity, to the payment of any of the debts of the said Benjamin L. Greenwood already contracted, or which may be by him at any future time contracted. And that, if the rents, issues and profits of the said property, real or personal, shall, at any time, be more than sufficient to support the said Benjamin L. and Elizabeth M. M. and the child or children which may be the fruit of the said intended marriage, then such overplus shall be invested by the said trustees, in such property, real or personal, as may be agreed upon by and between all the parties to these presents, to be held by the said trustees, or the survivors of them, and the executors and administrators of such survivor, upon the same trusts, and to and for the same uses, intents and purposes hereinbefore and hereinafter mentioned and declared.    And in the event of the death of the said Elizabeth M. M. Scurry, leaving a child or children, the fruit of the said intended marriage, then upon trust that they, the said George L. Twiggs, William W. Montgomery and Benjamin Leigh, and the survivors of them and the executor and administrators of such survivor of them, and the executors and administrators of such survivor, shall and will continue to permit the said Benjamin L. Greenwood, to have, hold and keep possession of the said property, real and personal, and receive the said rents, issues and profits thereof, under the restrictions and limitations, and for the purposes hereinbefore mentioned, for the support of himself and the said child or children for and during the term of his natural life.    And from and immediately after his death, then upon the further trust and confidence, that they, the said George L. William W. and Benjamin, and the survivor

of them and the executors and administrators of such survivor, shall and will convey, transfer and set over by proper and legal conveyances, the whole and every part of the said property, real and personal, and the increase thereof, and the rents, issues and profits of the same, to the said child or children, share and share alike, in fee simple, and freely discharged from all further trusts. And in case the said Elizabeth M. M. should die in the life-time of the said Benjamin L. and without leaving a child or children, such child or children should all die in the life-time of the said Benjamin L. then upon the further trust, that they, the said George L. William W. and Benjamin, and the survivor of them, and the executors and administrators of such survivor shall and will permit and suffer the said Benjamin L. to have, hold, keep and possess all and singular the said property, real and personal, with the increase thereof, and the rents, issues and profits thereof, for his support and maintainance for and during the term of his natural life ; and from, and immediately after his decease, that they shall and will convey, assign and set over all the said property, real and personal, with the increase thereof, to such person or persons and in such manner as the said Benjamin L. Greenwood shall and may order, direct and appoint, by his last will and testament, in writing, duly executed in the presence of three or more credible witnesses. And in case he should fail or neglect to make such will or appointment, then, that they shall and will convey, transfer and set over the said property, real and personal, and the increase thereof, together with the rents, issues and profits of the same, to the legal heirs and representatives of the said Benjamin L. in fee simple, share and share alike, and by proper and legal assurances. And in case the said Benjamin L. Greenwood shall die in the life-time of the said Elizabeth M. M. Scurry, leaving a child or children, the fruit of the said intended marriage, then, upon this further trust and confidence, that they, the said George L. Twiggs, William W. Montgomery and Benjamin Leigh, and the survivor of them, and the executors and administrators of such survivor, shall and will permit and suffer the said Elizabeth M. M. Scurry, to have, hold, keep and possess

the said property, real and personal, and the increase thereof, and the rents, issues and profits of the same, under the restrictions and limitations hereinbefore named, for the support of herself and the said child or children, for and during the term of her natural life; and from and immediately after the decease of the said Elizabeth M. M. Scurry, then, upon this further trust and confidence, that they, the said George L. William W. and Benjamin, and the survivor of them, and the executors and administrators of such survivors, shall and will convey, transfer and set over by proper and legal conveyances, the whole and every part of the said property, both real and personal, and the increase thereof, together with the rents, issues and profits of the same, to the said child or children, share and share alike, in fee simple, and freely discharged from any further trust. And in case the said Benjamin L. shall die in the life-time of the said Elizabeth M. M. and without leaving a child or children, of the said marriage, or leaving a child or children, such child or children should all die in the life-time of the said Elizabeth M. M. then, upon this further trust and confidence, that they, the said George L. William W. and Benjamin, and the survivor of them, and the executors and administrators of such survivor, shall, and will, immediately upon the happening of either of the said last mentioned events, convey, assign and set over, by legal and proper conveyances, the whole of said property, real and personal, and the increase thereof, together with the rents, issues and profits of the same, to the said Elizabeth M. M. in fee simple, and freely discharged from any other trust. And the said Benjamin L. Greenwood, for himself, his heirs, executors, administrators and assigns, doth promise, covenant and agree to, and with, the said Elizabeth M. M. Scurry, and to and with the said George L. Twiggs, William W. Montgomery and Benjamin Leigh and the survivor of them, and the executor and administrator of such survivor, that they, the said George L. Twiggs, William W. Montgomery and Benjamin Leigh, and the survivor of them, and the executors and administrators of such survivor, shall and may take, hold, keep and enjoy, all and singular the said property, real and personal, and the increase

thereof, hereinbefore conveyed to them by the said Elizabeth
M. M. upon the trusts and confidence, and to and for the uses,
intents and purposes hereinbefore mentioned, expressed and
declared.    And that he will do no act to hinder, frustrate or defeat
the true intent and meaning of these presents; and that they
shall and may, hold the said property without the let, suit, trou-
ble or denial of the said Benjamin L. his heirs, executors, ad-
ministrators or assigns.    And further, that he the said Benjamin
L. his executors, administrators or assigns, shall and will at any
time or times hereafter, upon the reasonable request of the said
George L. William W. and Benjamin, or the survivor of them,
or the executors and administrators of the survivor, make, do
and execute, or procure, to be made done and executed, and
suffer and permit his said intended wife to do, make and exe-
cute, or in conjunction with her, will do, make, and execute,
as may be deemed most legal and correct, all and every such
further and other reasonable and lawful act or acts, thing or
things, devices and assurances in the law, whatsoever, for the
further, better and more perfect conveyance, assignment and
transfer of the said property, real and personal, and its increase,
and the rents, issues and profits of the same unto the said
George L. Twiggs, William W. Montgomery and Benjamin
Leigh, and the survivor of them, and the executors and admin-
istrators of such survivor, to and for and upon the several trusts,
intents and purposes hereinbefore expressed and declared, ac-
cording to the true intent and meaning of these presents, as by
them or any of them, or their or any of their counsel, learned
in the law, shall be reasonably devised or advised and required.
And the said George L. Twiggs, William W. Montgomery and
Benjamin Leigh, for themselves, their executors and administra-
tors and assigns, do covenant, promise and agree to, and with
the said Benjamin L. Greenwood and Elizabeth M. M. Scurry,
that they will take, receive and accept the said property, real
and personal, hereinbefore by the said Elizabeth M. M. to them
conveyed, upon the several trusts, and to and for the uses, in-
tents and purposes hereinbefore expressed and declared, and to
and for no other intent or purpose whatever.    And further, they

will faithfully execute and perform the said several trusts, and hold the said property, real and personal, for no other purposes than those herein mentioned and declared, according to the true intent and meaning of these presents. And it is further mutually agreed, and declared by and between all the parties to these presents, that in case the said Benjamin L. and the said Elizabeth M. M. or the survivor of them, shall be desirous to have the said property, real or personal, hereinbefore conveyed and assured, or any part thereof, sold, and the money arising from such sale invested in any other property, real or personal, stock or fund, or placed out upon any security; and shall signify such his, her or their desire, by writing under his, her or their hand, or hands, signed in the presence of two or more credible witnesses; that then, the said trustees, or the survivors of them, and the executors and administrators, or the survivor, shall, accordingly, sell and dispose of the said property, real and personal, or any part thereof, and invest, place, lay out or dispose of the money arising by the sale thereof, in such other property, real or personal, stock, funds or securities, or in such other manner as the said Benjamin L. and Elizabeth M. M. or the survivor of them, shall, by such writing as aforesaid, direct, limit, or appoint; provided, however, that the said trustees or the survivor of them, or the executors and administrators of such survivor, shall approve of and give his or their consent to such sale, purchase and investment. Which said property, real and personal, stocks, funds or securities, when so purchased, shall be transferred, assigned, conveyed, settled and assured so and in such manner as that the same, with the increase, rents, issues and profits thereof, may remain, continue and be applied and disposed of, to and for and upon the same trusts, uses, intents and purposes as the said property, real and personal, hereinbefore conveyed, are hereinbefore directed, limited and appointed, to go and be applied and be disposed, and that in all respects, according to the true intent and meaning of these presents. And in case of the death or removal of any one or all of the said trustees, it is mutually agreed by and between all the parties to these presents, that the said Benjamin L. Greenwood and Eliza-

beth M. M. Scurry, during their joint lives, and either of them after the death of the other, shall and may nominate and appoint one or more trustees to the said property, real or personal, herein conveyed, upon the same trusts, and to and for the same uses, intents and purposes hereinbefore mentioned and declared, but such appointment shall not be made, unless by the consent of the surviving and unremoved trustees or one of them, which said appointment shall be made under the hands and seals of the said Benjamin L. and Elizabeth M. M. or the survivor of them, in the presence of two or more credible witnesses, and be attached to these presents, and form a part thereof. And in case of the death of the said Benjamin L. Greenwood and the said Elizabeth M. M. Scurry, and of any or all of said trustees, other trustees should be necessary to carry into effect the true intent and meaning of these presents, then, and in such a case, a trustee or trustees shall and may be nominated and appointed by a Court of Equity, for the purpose of carrying these presents into full effect. And whereas, the said property hereinbefore conveyed, is now in the hands of the said Benjamin Leigh, as executor of the last will and testament of the said Richard O. Scurry, deceased, to be delivered over by him, according to the provisions of the said will. Now, it is mutually agreed by and between all the parties to these presents, that when the time arrives at which the said property is to be handed over, the said Benjamin Leigh shall deliver the same to the said trustees, taking their receipt for the same, which shall be a full and complete discharge to him from the said Benjamin L. and Elizabeth M. M.—the said trustees to hold the same upon the terms and stipulations hereinbefore mentioned. In witness whereof, the parties to these presents have hereunto set their hands and affixed their seals, the day and year first above written.

| Signed, sealed and delivered in presence of us, | BENJ. L. GREENWOOD, [L. s.] |
| HENRY GREENWOOD, NELSON CARTER, THOMAS S. MARTIN. | ELIZABETH M. M. SCURRY, [L. s.] BENJ. L. GREENWOOD, [L. s.] GEORGE L. TWIGGS, [L. s.] W. W. MONTGOMERY, [L. s.] BENJ. LEIGH, [L. s.] |

Subsequently, difficulties having arisen, Benjamin L. Green-

wood sued for and obtained a divorce, *a vinculo matrimonii*, from his wife, Elizabeth M. M. Greenwood. Subsequent to the divorce, Elizabeth M. M. Greenwood executed a release, of which the following is a copy:

GEORGIA:

This indenture, *tripartite*, made and entered into this twenty-eighth day of August, in the year of our Lord eighteen hundred and thirty-eight, and of the Independence of the United States, the sixty-third, between Elizabeth M. M. Greenwood, formerly Scurry, and lately the wife of Benjamin Leigh Greenwood, of the County of Baker and State aforesaid, of the first part, the said Benjamin L. Greenwood of the County of Baker and State aforesaid of the second part, and George L. Twiggs and William W. Montgomery, both of the County of Richmond and State aforesaid, (trustees of the said Elizabeth M. M.) of the third part. ˙Whereas, heretofore, to wit, on the twenty-sixth day of June, in the year of our Lord one thousand eight hundred and twenty-eight, a deed of marriage settlement was entered into by and between the said Elizabeth M. M. and the said Benjamin L. whereby the property belonging to the said Elizabeth M..M was, by their consent, transferred and conveyed to the said George L. Twiggs and William W. Montgomery, and one Benjamin Leigh, (since deceased) as trustees for the said Elizabeth M. M. to and for the uses, intents and purposes, and upon the special trusts and confidence therein described and provided for, all of which will more fully appear, by reference to the said deed of marriage settlement, which will be found of record in the office of the Clerk of the Superior Court of Richmond County in the State aforesaid. And whereas, the intended marriage between the said Elizabeth M. M. and the said Benjamin L. mentioned in said marriage settlement, was solemnized between the parties on the said twenty-sixth day of June in the year of our Lord eighteen hundred and twenty-eight, and the property described in the said indenture, reduced to the possession of the said Benjamin Leigh Greenwood, by and with the consent and approbation of the said trustees. And whereas, the said Benjamin L.

and the said Elizabeth M. M. lived together as man and wife for several years, and until the eleventh day of September, in the year of our Lord one thousand eight hundred and thirty-six, and caused the said Benjamin L. to institute in the Superior Court of the County of Baker and State aforesaid, an action at law against the said Elizabeth M. M. for a divorce, which, said action came on to be tried, and was tried, in the Superior Court of Baker County, at October, in the year of our Lord one thousand eight hundred and thirty-seven, before a Special Jury, when the following verdict was returned, pronounced and recorded, viz:

" We find that sufficient proofs have been referred to our consideration, to authorize a total divorce, that is to say, a divorce *a vinculo matrimonii*, upon legal principles, between the parties in this case.        (Signed,)        THOMAS H. HULL, Foreman.

And whereas, at the second term of the said Superior Court thereafter, to wit, at the August Term, in the year of our Lord one thousand eight hundred and thirty-eight, the same cause came on to be again tried, and was tried, as the Constitution provides, before another Special Jury, when, after hearing the evidence in the case, the Jury returned the following verdict, which was received, pronounced and recorded, to wit:

" We find that sufficient proofs have been referred to our consideration, to authorize a total divorce, that is to say, a divorce *a vinculo matrimonii*, upon legal principles, between the parties in this case.        MATHEW B. MOOR, Foreman.

By virtue of which two concurring verdicts, the said Benjamin L. and Elizabeth M. M. have been divorced *a vinculo matrimonii*, and are now separate and distinct persons in law. And whereas, the said Benjamin L. being desirous to make provisions for the support and maintenance of the said Elizabeth M. M. notwithstanding the said divorce, has proposed to give her the sum of ten thousand dollars, on condition that she, with the consent and approbation of said trustees, will release

and relinquish all claim which she now has, or may at any time hereafter have to all or any and every part or portion of the property, both real and personal, mentioned, specified and contained in the said deed of marriage settlement, which proposition the said Elizabeth M. M. by and with the consent and approbation of the said trustees, the said George L. Twiggs and William W. Montgomery, has agreed to accept, which consent and approbation are manifested by their signatures to this instrument. Now, therefore, this indenture *witnesseth,* that the said Elizabeth M. M. for, and in consideration of, the sum of ten thousand dollars, to her in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, hath released, relinquished and quit claim, and by virtue of these presents, forever release, relinquish and quit claim unto the said Benjamin L. Greenwood all her rights, title, claim, interest or demand in Law or Equity, in and to all and every part and parcel of the property, both real and personal, of whatsoever nature or kind mentioned, specified, or in any manner contained or comprehended in the said deed of marriage settlement, and doth also freely and fully, for the consideration expressed, release and relieve her said trustees, George L. Twiggs and William W. Montgomery from all liability to her, under and by virtue of the said deed of marriage settlement. And it is further agreed and stipulated, by and between all the parties to this indenture, that the provisions and stipulations contained in the said deed of marriage settlement, shall be fully and fairly carried into effect, so far as they relate to the said Benjamin L. Greenwood and the child now in life, which is the fruit of the said marriage, to wit, the said Duncan L. Clinch and for his and their use and benefit; and that if the said Benjamin L. shall die before the said Elizabeth M. M. that the said trustees shall dispose of the said property specified in said deed of marriage settlement, for the benefit of the said child, in such manner as is mentioned and declared in said deed, as if the said Elizabeth M. M. were dead, notwithstanding she may be still in life, because the object and true intent and meaning of this indenture are to release unto the said Benjamin L. all the interest and

claim of the said Elizabeth M. M. under the said deed and marriage settlements, she having as above expressed, received from him a full and fair consideration of the same, and to secure to the child, now in life, of the said marriage, the said Duncan L. Clinch, the whole property, after the death of the said Benjamin L. as provided and stipulated in the said deed of marriage settlement, notwithstanding that the said Elizabeth M. M. may survive the said Benjamin L. And the said Elizabeth M. M. for the consideration above mentioned, *doth hereby fully* authorize and empower her said trustees, George L. Twiggs and William W. Montgomery and the survivors of them, to dispose of the said trust property, in such manner as the said deed of marriage settlement points out and declares, in the event of the death of the said Elizabeth M. M. during the life time of the said Benjamin L. and to carry into effect all the provisions of the said deed of marriage settlement, except such as relate to the said Elizabeth M. M. whose interest under the same has been hereby fully and entirely released, to and for the benefit of the said Benjamin L. and the said Duncan L. Clinch. And the said Elizabeth M. M. doth further authorize and empower her said trustees and the survivors of them to sell any or all of the said property, real and personal, upon the application of the said Benjamin L. Greenwood, and to re-invest the proceeds thereof in such other property as he and they may think proper, as they are now authorized to do by said deed of marriage settlement, upon the joint application of the said Benjamin L. and Elizabeth M. M. and in every case to do and perform, upon the application and request of the said Benjamin L. alone, any and all such acts, matters and things as they are, by the said deed of settlement, authorized to do upon the joint application and request of the said Benjamin and the said Elizabeth M. M. And in the event of the death of the said child, Duncan L. Clinch, during the life time of the said Benjamin L. the said Elizabeth M. M. hereby covenants and agrees to and with the said Benjamin L. and the said George L. Twiggs and William W. Montgomery, that the said Benjamin L. may dispose of and devise the said property, real and personal, by his last will and testa-

ment—or in default thereof, that the said property, real and personal, shall, after the death of the said Benjamin L. be assigned and set over by the said trustees, to his legal heirs and distributees, in such manner and form as provided for in said deed of marriage settlement, and as if the said Elizabeth M. M. were dead, notwithstanding that the said Elizabeth M. M. may still be in life.

In witness whereof, the parties to these presents have hereunto set their hands and seals, the day and year first above written.

> ELIZABETH M. M. GREENWOOD, [L. S.]
> BENJAMIN L. GREENWOOD, [L. S.]
> GEORGE L. TWIGGS, [L. S.]
> W. W. MONTGOMERY, [L. S.]

Signed, sealed and delivered in presence,

JNO. SCHLEY, JUN.

JOSEPH STURGIS, J. I. C.

W. J. MINIS,

ROBERT G. GREENWOOD.

Benjamin L. Greenwood, in 1841, made and executed his last will and testament, in which, in the event of the death of Duncan L. Clinch Greenwood, (the issue of the aforesaid marriage) before arriving at the age of twenty-one years, and without leaving a wife, child or children, living at his death, he bequeathed all of the property included in the marriage settlement to certain legatees named in the will.

Benjamin L. Greenwood died, leaving this will unrevoked. Subsequently Duncan L. Clinch Greenwood died, before arriving at the age of twenty-one years, and without leaving a wife, child or children living at his death. Elizabeth M. M. Greenwood survived him.

George L. Twiggs, the surviving trustee under the marriage settlement, filed a bill in Richmond Superior Court, setting forth the foregoing facts; and that Elizabeth M. M. Greenwood claimed the whole of the property, as the distributee and heir at law of her son, D. L. C. Greenwood; while the legatees under the will of Benjamin L. Greenwood claimed the property under

the said will.   The prayer was that these  claimants  might in-
terplead.

Upon the trial of this bill, the  presiding  Judge  charged  the
Jury, among other things :

" That Mrs.  Elizabeth M. M.  Greenwood  did not assign her
right to the property described in said marriage  settlement,   un-
der the Statute of Distribution of this State, but only  conveyed
the rights and interests which  she had  under  the marriage settle-
ment;  and that though she had the same right under  the  mar-
riage settlement which she has under the Act  of  1843—or our
Statute of Distribution—yet, that she, only  by  the  instrument,
(made subsequent to the divorce) assigned the right she had un-
der the marriage settlement ;  that she did not  assign  the inter-
est which was afterwards cast upon her by the Statute; and that
as by the conveyance which she did make, she  agreed that  the
terms of the trust under the marriage settlement should  cease to
operate at the  death  of Benjamin  L.  Greenwood ;  that  as  the
said Benjamin *L.* contracted to this effect with her, that his rep-
resentatives are bound by such contract;  that  the  property  did
vest in Duncan L.  Clinch Greenwood upon the death of his father,
said Benjamin L. and remains the property of the estate of the in-
testate infant, and is now to be distributed to his next of kin, who
Mrs. Elizabeth M. M  Greeenwood is."

To this charge, counsel for William J.  McBride,  administra-
tor, &c. excepted, and has assigned error as follows :

1st.  That the property under the marriage settlement between
Benjamin L. Greenwood and Elizabeth M. M. Scurry  and their
trustees, did not vest in their child, Duncan  L.  C.  Greenwood,
he having been survived by his mother, Elizabeth M. M. Green-
wood, (and that E. M. M. Greenwood  is not  entitled  to  said
property as the heir  of  her son, she having conveyed  her  inter-
est to Benjamin L. Greenwood) that said property  goes  to and
vests in the legal representatives or the legatees under the  will of
Benjamin L. Greenwood, deceased.

2d.  That by the conveyance made subsequent to the divorce,
Elizabeth M. M. Greenwood conveyed all her then and future in-
terest, right and title in the specific property described in said mar-

riage settlement, both in Law and Equity, to Benjamin L. Greenwood for a valuable consideration.

3d. That the Act of the Legislature of 1843, subsequent to said conveyance cannot re-invest said property in Elizabeth M. M. Greenwood.

4th. That Elizabeth M. M. Greenwood having conveyed all her then and future interest (under the marriage settlement) in said trust property, when the contingency happened, to wit, her surviving her husband and child or children of the marriage, the right she acquired under the marriage settlement upon the happening of such contingency, goes to and vests in the legal representatives or the legatees under the will of Benjamin L. Greenwood.

5th. That a contingent interest or remainder (such as E. M. M. Greenwood had under the marriage settlement) may be sold and conveyed, and such sale and conveyance will be enforced in Equity after the event has happened upon which the contingency or remainder vested.

6th. That when a trust has been declared and vested in trustees, and the trustees accept and act upon the trust, it will be enforced in Equity.

7th. That it is not in the power of the tenant for life, or other party to destroy contingent remainders before they come *in esse* and vest in the remainder-man.

G J. & W. SCHLEY, for plaintiff in error.

C. J. JENKINS, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Richard O. Scurry, in 1819, conveyed by his will, the whole of his estate to his daughter Elizabeth; and appointed Benjamin Leigh, of Columbia County, the sole executor to his will. In 1828, Elizabeth, his daughter, entered into a marriage settlement with Benjamin Greenword, her intended husband, the provisions of which, will be referred to hereafter. A son, Duncan L. Clinch Greenwood, was the only fruit of this marriage. In

1838, Greenwod having been totally divorced from his wife, entered into a new contract with her, relative to her interest in the trust property, the examination of which will be postponed for the present. Greenwood married again and died; having previously disposed of his property by will. The substance of which was, that should his son by the first marriage die a minor, and without issue, that the whole of the testator's property should go to the second wife and children, provided there were any. Otherwise, one-half to her, and the other half to his next of kin. In 1847, Duncan L. Clinch, the son by the first wife, died under age and unmarried. Elizabeth Greenwood, the first wife, now claims the trust estate, as the heir at law of her son. On the other hand, William J. McBride, the present husband of Greenwood's second wife, and the administrator *cum testamento annexo* upon his estate, insists that the property belongs to Greenwood's estate and should be disposed of by his will. Under these circumstances, the trustees have filed their bill of interpleader, praying the aid and direction of the Court, as to who is entitled, &c.

By the marriage settlement of 1828, it was stipulated among other things, that Benjamin L. Greenwood and Elizabeth M. M. his intended wife, should have, hold, possess, and enjoy all the property thereby conveyed, real and personal, with the appurtenances, and that they should receive the rents, issues and profits thereof, for the purpose of supporting them and such child or children as might be born to them during the coverture; and for and during their joint lives, and the life of the survivor; that in the event of the death of the said Elizabeth M. M. Scurry, leaving a child or children, the fruit of the contemplated marriage, then the trustees were to continue to permit Benjamin L. Greenwood to retain and enjoy the property for the support of himself and said offspring, should there be any, for and during the term of his natural, life and from and immediately after his death, then the trustees were to convey the whole of the proper· ty with its increase, to said child or children, share and share alike in fee simple. And in case the said Elizabeth M. M. should die in the lifetime of the said Benjamin L. without bear-

ing a child or children, or such child or children should all die in the lifetime of the said Benjamin L. then the said Benjamin L. was to keep the whole of the property during his natural life, and at his death, the same to go to such person or persons, and in such manner as he might appoint by will; and should he fail or neglect to make such appointment, then the property was to go to his legal heirs or representatives in fee simple, share and share alike. And in case the said Benjamin L. should die in the lifetime of the said Elizabeth M. M. leaving a child or children, the fruit of their marriage, then the property was to go to the support of the said Elizabeth M. M. during her natural life, and at her death, to the offspring in fee. And in case the said Benjamin L. should die in the lifetime of the said Elizabeth M. M. without offspring, or leaving offspring, the same should die in the lifetime of the said Elizabeth M. M. then upon the happening of either of these two last mentioned events, the whole of the property was to go to the said Elizabeth M. M. in fee, fully discharged from trust.

The foregoing extract in substance, divested of its verbal redundancy, contains all the limitations and provisions in the marriage settlement, which appertain to the present controversy. By a careful examination of them it will be seen, that there is only one contingency in which the legatees or distributees of Benjamin L. Greenwood, can take this trust property as remainder-men, and that is, in the event of his wife's dying without children, during his lifetime, or leaving a child or children, which should die in the lifetime of the father. Upon the happening of this contingency, the trust estate was to pass, by the will of Benjamin L. Greenwood, or failing to make one, it was to go to his heirs at law.

Again, we ascertain clearly that the interest of Mrs. Greenwood was, in this trust property, merely an estate for life, with the remainder in fee, should she survive her husband and the fruit of the marriage, should there be any.

Now, it is argued, and authority is cited to sustain that position, that it is not in the power of the tenant for life, or any other party to this trust deed, to destroy the contingent remain-

ders under it, before they come into *esse.* In other words, that it was not competent for Mr. and Mrs. Greenwood, in conjunction with the trustees under this marriage settlement, by any subsequent arrangement entered into between themselves, to defeat the limitation over to the legatees or distributees of Benjamin L. Greenwood. And we concede that this is a clear and settled rule of Chancery. And if it shall turn out that the contract of 1838 is obnoxious to this objection, it is a nullity. Let us refer to this new agreement.

Like the first, it was entered into between Elizabeth M. M. Greenwood, Benejamin L. Greenwood, George L. Twiggs, and William W. Montgomery, the surviving trustees to the former instrument. After reciting the original settlement, the marriage of the parties, as therein contemplated, and their divorce, it provides, that for and in consideration of the sum of ten thousand dollars paid by Benjamin L. Greenwood, to Elizabeth M. M. his former wife; she, by and with the consent and approbation of the said trustees, relinquishes to Benjamin L. Greenwood, all of her interest under the marriage settlement, and relieves the trustees from all further liability to her, on account thereof. It was further stipulated and agreed between the parties, that the provisions of the marriage settlement should be fully and fairly carried into effect, so far as they relate to the said Benjamin L. Greenwood and the child then in life, the fruit of the marriage, to wit: Duncan L. Clinch Greenwood, and for his and their use and benefit; and that if the said Benjamin L. should die before the said Elizabeth M. M. that the trustees shall forthwith dispose of the property mentioned in the articles, for the benefit of said child, the same as though the mother was actually dead, notwithstanding she still may be in life; it being declared to be the true intent and meaning of this new contract, for the said Elizabeth M. M. to release to Benjamin L. Greenwood all of her interest arising under the marriage settlement, in consideration of the price which he paid her for that purpose; " and to secure to Duncan L. Clinch, the child of the marriage, then in life, the whole property after the death of his father, as stipulated in the marriage settlement, notwithstanding his mother may survive

McBride *vs.* Greenwood and others.

him," " and to carry into effect, *all* the provisions of the deed of marriage settlement, except such as relate to the said Elizabeth M. M. whose interest is thereby fully disposed of and parted with."

So far from there being any conflict or discrepancy between these two documents, the latter recognizes and re-affirms the former, and purports to be executed for the express purpose of fully and fairly carrying into effect, *all* of its provisions. It is manifest, that the only effect of the deed of 1838, is a sale by Mrs. Greenwood to her former husband, of all her interest in the property embraced in the marriage deed, which, as we have before seen, was a support for life, with remainder in fee, in the event of her surviving her husband and son.

[1.] Was it competent for these parties to contract with another? If they were able to do so in 1828, we see no reason why they could not in 1838. They were equally *sui juris* on both occasions. Indeed, it is assumed in the argument submitted in behalf of the plaintiff in error, and we think very properly, that by the conveyance made by Mrs. Greenwood, subsequently to her divorce, she transferred all of her present as well as prospective rights, under the marriage settlement, both in Law and in Equity, to Benjamin L. Greenwood. If the deed of 1838 is ineffectual, then Mrs. Greenwood takes this property by the express terms of the marriage agreement, she having survived both her husband and son.

What becomes then, of this interest of Mrs. Greenwood in this trust estate? Mr. McBride and those whom he represents contend, that it vests in the legal representatives of Benjamin L. Greenwood and his legatees under his will. But it is clear, that they cannot take by virtue of the marriage deed, because the only contingency upon which they could claim under that instrument, never happened, and never can happen; that is, Mrs. Greenwood's dying in the lifetime of her husband, bearing no child or children, or bearing offspring, whom their father survived.

[2.] But it is insisted, that by the deed of 1838, Greenwood, for a valuable consideration, became the owner, by purchase, of

the contingent fee of Mrs. Greenwood; and that she having in fact, survived her son, it was competent for Mr. Greenwood to have disposed of this property by his will, which he did; and that this defeats no rights of Duncan L. Clinch Greenwood, to this property under the marriage settlement. But mark, and this is the pivot upon which this case turns, Mr. and Mrs. Greenwood, by the deed of 1838, stipulate and agree, that the true purport and meaning of that instrument was, to enable Duncan L. Clinch Greenwood, upon the death of his father, to take the whole trust property, just as though she were dead at or before that time. And thus Mr. Greenwood, as it was his privilege to do, not only deprives himself of the *jus disponendi* or right of disposing of this property by deed or will, but agrees that at his death, it shall go to his son Duncan. He did not acquire the title to this contingent fee, under the marriage settlement, but aside from it. He obtained it by purchase. He had the right, therefore, to dispose of it as he pleased. He was not trammelled by the restrictions in the marriage deed, *quoad,* this contingent estate of his former wife's. If the deed of 1838 is good, then by the terms of it, the title to the property in dispute, vested in Duncan L. Clinch Greenwood, immediately upon the death of his father.

[3.] Finally it is argued, that Mrs. Greenwood has excluded herself from any claim to this property, by the express language of the deed of 1838. True, she restrains herself from any further claim upon the *trust* property, by virtue of the *trust* deed ; still this does not prevent her, of course, from taking it by purchase, inheritance, or through any other channel. She did not contract that she never would hold any of the property specified in the trust deed. There could be no motive for such a stipulation. But she sold and conveyed to Benjamin L. Greenwood, all the title which she derived to the trust property, under the marriage articles. Could not Mrs. Greenwood have bought this property, or any portion of it, from her son, had he survived? If so, she could take it by inheritance as his heir at law, as we hold she does.

Although these instruments may be deficient in that brevity

and perspicuity so much commended by *Sir Henry Sherman,* in our Saxon ancestors; still it must be admitted, that they exhibit the most indisputable proof of professional skill in the draftsman. And had the provision in the Statute of Distribution of 1804, excluding a mother from inheriting from her *last child,* not been repealed by the Act of 1843, this would have been a clear case for the plaintiffs in error. The law, as it then stood, would, upon the death of Duncan L. Clinch Greenwood, have carried this property to the next of kin on the father's side. As it is, it belongs to Mrs. Greenwood, as the statutory heir of her son.

We hold that the judgment of the Circuit Court is right, and that it ought to be affirmed.